USDC SCAN INDEX SHEET

















```
AXR    1/12/05    13:50
3:04-CR-01070   USA V. FITZGERALD
*43*
*CRJGMCOMI.*
```

\

✎AO 245B  (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

FILED

05 JAN 10 PM 3:10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| JOSEPHINE FITZGERALD (03) | CASE NUMBER: 04CR1070-W |
| | LOUIS ESPOSITO |
| | Defendant's Attorney |

**REGISTRATION NO.** 26314050

THE DEFENDANT:
X  pleaded guilty to count(s)    one of the superseding information

.Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 26 USC 7206 & 18 USC 2 | ASSISTING IN THE PREPARATION OF A FALSE TAX RETURN & AIDING AND ABETTING | S1 |

        The defendant is sentenced as provided in pages 2 through    3    of this judgment. The sentence is imposed pursuant the Sentencing Reform Act of 1984.

X   Count(s)  The underlying indictment        ☐ is      dismissed on the motion of the United States.

X   Assessment : $ 100.00    payable forthwith

X   $1,000.00 Fine ordered

        IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

January 10, 2005
Date of Imposition of Sentence

THOMAS J. WHELAN
UNITED STATES DISTRICT JUDGE

Entered Date:  1-12-05

AO 245B   (Rev. 9/00) Judgment in a Criminal Case
          Sheet 4—Probation

Judgment—Page __2__ of __3__

DEFENDANT:      JOSEPHINE FITZGERALD (03)
CASE NUMBER:    04CR1070-W

# PROBATION

The defendant is hereby sentenced to probation for a term of 1 year.

## MANDATORY CONDITIONS

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

X  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 9/00) Judgment in a Criminal Case
               Sheet 4 — Continued 2 — Probation

Judgment—Page 3 of 3

DEFENDANT: JOSEPHINE FITZGERALD (03)
CASE NUMBER: 04CR1070-W

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall not possess firearms, explosive devices, or other dangerous weapons.

2) The defendant shall submit to search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

3) The defendant shall provide complete disclosure of personal and business financial records to the probation officer as requested.

4) The defendant shall participate in a program of mental health treatment if directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

5) The defendant shall be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

6) The defendant shall not engage in the employment or profession of selling, trading, auctioning sports/celebrity memorabilia.

7) The defendant shall not serve as a bookkeeper or tax preparer other than personal finances.

8) The defendant shall pay a fine unto the United States in the amount of $1.000.00, to the Clerk, U.S. District Court, payable forthwith.

9) The defendant shall pay restitution in the amount of $19,326 through the Clerk, U.S. District Court, to the following victims in the amounts specified, payable forthwith. Distribution of restitution to the victims is to be on a pro rata basis. (Note: The restutition was paid by the defendant prior to sentencing.)

| Victim | Amount |
|---|---|
| Diane Bergeman<br>C/O State Farm Insurance<br>104 East State Street<br>Jefferson, Iowa 50129 | $691.00 |
| Corina Nesbitt<br>C/O Merrill Lynch<br>4412 North Brady Street<br>Davenport, Iowa 52806 | $5,645.00 |
| Greg Frigault<br>1241 Tecumseh Trail<br>Pensacola, FL 32514 | $957.00 |
| Dr. Jack Reiter<br>726 Broadway, Suite 303<br>Seattle, WA 98122 | $10,000.00 |
| Joseph Barone<br>23-43 128th Street<br>College Point, NY 11356 | $1,656.00 |
| Joel Newman<br>3561 Normount<br>Oceanside, CA | $50.00 |
| Rachel Parks<br>2524 Mulberry Street<br>Riverside, CA | #327.00 |