USDC SCAN INDEX SHEET










AXR    1/14/05    9:57

3:04-CR-01070    USA V. FITZGERALD

*47*

*CRJGMCOMXC.*

⊗AO 245B  (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

05 JAN 10 PM 3:

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| DONNA FITZGERALD (02) | CASE NUMBER: 04CR1070-W |
| | BLAIR ZWILLMAN |
| | Defendant's Attorney |

REGISTRATION NO. 26313050

**FILED**
JAN 1 4 2005

THE DEFENDANT:
X  pleaded guilty to count(s)  __one of the superseding information__

.Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18 USC 7102 & 18 USC 2 | TAX EVASION | S1 |

The defendant is sentenced as provided in pages 2 through __3__ of this judgment. The sentence is imposed pursuant the Sentencing Reform Act of 1984.

x  Count(s)  __The underlying indictment__  is  dismissed on the motion of the United States.

X  Assessment : $100.00   payable forthwith

X  Fine forthwith.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

I have executed within _Release probation_
Judgement and Commitment on _01/13/05_
United States Marshal

January 10, 2005
Date of Imposition of Sentence

THOMAS J. WHELAN
UNITED STATES DISTRICT JUDGE

Entered Date: 1-12

AO 245B    (Rev. 9/00) Judgment in a Criminal Case
            Sheet 4—Probation

Judgment—Page __2__ of __3__

DEFENDANT:      DONNA FITZGERALD (02)
CASE NUMBER:    04CR1070-W

# PROBATION

The defendant is hereby sentenced to probation for a term of 2 years.

## MANDATORY CONDITIONS

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

X   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

I hereby attest and certify that this is a true, correct and full copy of the original document on file in my legal custody.
W. Samuel Hamrick
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

AO 245B   (Rev. 9/00) Judgment in a Criminal Case
            Sheet 4 — Continued 2 — Probation

Judgment—Page __3__ of __3__

**DEFENDANT:**      DONNA FITZGERALD (02)
**CASE NUMBER:**    04CR1070-W

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall not possess firearms, explosive devices, or other dangerous weapons.

2) The defendant shall submit to search of person, property, residence, abode or vehicle, at a reasonable time and in a reasonable manner, by the probation officer.

3) The defendant shall participate in a program of mental health treatment if directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

4) The defendant shall be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

5) The defendant shall not engage in the employment or profession of selling sports and celebrity memorabilia or any forged or fraudulent items.

6) The defendant shall pay a fine unto the United States of America, through the Clerk, U.S. District Court, in the amount of $1,000.00 forthwith.

7) The defendant shall make restitution, jointly and severally with the codefendants, in the amount of $19,326.00, through the Clerk U.S. District Court, to the following victims in the amounts specified, payable forthwith: (It is noted that restitution has been paid in full, but still needs to be disbursed to the victims.)

Diane Bergemann         $691.00
C/O State Farm Insurance
104 East State Street
Jefferson, Iowa 50129

Corina Nesbitt          $5,645.00
C/O Merrill Lynch
4412 North Brady Street
Davenport, Iowa 52806

Greg Frigault           $957.00
1241 Tecumseh Trail
Pensacola, Florida 32514

Dr. Jack Reiter         $10,000.00
726 Broadway, Suite 303
Seattle, Washington 98122

Joseph Barone           $1,656.00
23-43 128th Street
College Point, New York 11356

Joel Newman             $50.00
3561 Normount
Oceanside, California

Rachel Parks            $327.00
2524 Mulberry Street
Riverside, California

